IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**

    v.                                                                                                  No. 3:18-cr-00599-MO-1

**JAMES LEE WOOD,**
                                                                                         OPINION AND ORDER
                Defendant.

**MOSMAN, J.,**

This matter comes before me on Defendant James Lee Wood's Motion to Reduce Sentence [ECF 122]. Specifically, Mr. Wood moves the court, for a second time, for compassionate release or a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mot. to Reduce Sentence [ECF 122] at 1. For the following reasons, I DENY the motion.

## DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing

1 – OPINION AND ORDER

Commission." 18 U.S.C. § 3582(c)(1)(A).[1] A defendant must exhaust administrative remedies before moving the court for compassionate release. *Id.* The Government acknowledges that Mr. Wood "says he has exhausted his administrative remedies" but otherwise argues that "he has failed to show that compassionate release is warranted." Gov't Resp. [ECF 124] at 2.

Mr. Wood argues that he is an appropriate candidate for a sentence reduction given the abnormally difficult conditions of confinement imposed by COVID-19, including the restrictions on visitation, lack of programming options, and struggles with his mental health. Mot. to Reduce Sentence [ECF 122] at 2–3. The Government argues that his conditions do not constitute an extraordinary and compelling reason that warrants a sentence reduction. Gov't Resp. [ECF 124] at 2–3. The Government reasons that the lack of programming options and the mental health issues Mr. Wood complains of are insufficient to rise to the level of "extraordinary and compelling." *Id.* at 3. Moreover, the Government accurately points out that I already considered the impact of COVID-19 on conditions of confinement at Mr. Wood's sentencing and, as a result, imposed a below-guideline sentence. *Id.* at 3–4.

I agree with the Government. Although I am sympathetic to the challenging circumstances Mr. Wood has endured over the past year and a half, I have already considered those circumstances at his sentencing. Accordingly, I find that relief under 18 U.S.C. § 3582(c)(1)(A)(i) is inappropriate.

/

/

/

---

[1] At this time, however, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

## CONCLUSION

For the foregoing reasons, Mr. Wood's Motion to Reduce Sentence [ECF 122] is DENIED. Mr. Wood's Motion to Appoint Counsel [ECF 126] is DENIED as moot.

IT IS SO ORDERED.

DATED this  12  day of August, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER