IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | No. 3:18-cr-000599-MO |
| **JAMES LEE WOOD,** | OPINION AND ORDER |
| Defendant. | |

**MOSMAN, J.,**

This matter comes before me on remand Defendant James Lee Wood's Motion to Reduce Sentence [ECF 132]. Specifically, Mr. Wood moves for a 36-month reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, I DENY the motion.

## DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction"

1 – OPINION AND ORDER

and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[1]

However, before a court may consider a motion for compassionate release, a defendant must exhaust his administrative remedies. *Id.* When the government raises it as a defense, exhaustion is "mandatory and must be enforced." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). Mr. Wood provides no indication that he has done so. Though he may have alleged exhaustion of administrative remedies in previous motions to dismiss, *see* Op. & Order [ECF 127] at 2, Mr. Wood has failed to show he has exhausted administrative remedies for the issues the instant motion raises. *Keller*, 2 F.4th at 1282 (finding administrative exhaustion for a previous motion for compassionate relief did not satisfy the exhaustion requirement for subsequent motions). Accordingly, I must deny Mr. Wood's request.

## CONCLUSION

For the foregoing reasons, I DENY Mr. Wood's Motion to Reduce Sentence [ECF 132] without prejudice. Mr. Wood may file a new motion after exhausting his administrative remedies with the Bureau of Prisons.

IT IS SO ORDERED.

DATED this 2d day of December, 2021.

MICHAEL W. MOSMAN
United States District Judge

---

[1] At this time, however, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

2 – OPINION AND ORDER